# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 21, 2021

```
* * * * * * * * * * * * *
C.C.,                              *    No. 17-708V
                                   *
         Petitioner,               *    Special Master Sanders
                                   *
v.                                 *
                                   *
SECRETARY OF HEALTH                *    Order; Motion for Redaction; Entitlement
AND HUMAN SERVICES,                *    Decision; Hepatitis B Vaccine; Shoulder
                                   *    Injury Related to Vaccine Administration
         Respondent.               *    ("SIRVA")
* * * * * * * * * * * * *
```

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Sarah C. Duncan*, United States Department of Justice, Washington, D.C., for Respondent.

## ORDER GRANTING IN PART MOTION TO REDACT[1]

On May 30, 2017, C.C. ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program").[2] ECF No. 1. Petitioner alleged that the Hepatitis B vaccine she received on March 23, 2016, caused her to sustain a shoulder injury related to vaccine administration ("SIRVA"). *Id.* at 1.

On March 31, 2021, I issued a Decision denying Petitioner's claim and dismissing her petition. *See* ECF No. 52. Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact portions of the Decision, including her name, witnesses' names, and information relating to her mental illness. Pet'r's Mot. at 1, ECF No. 53.

**I.     Relevant Procedural History**

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 12, 2021, Petitioner timely filed a motion for redaction. *See* Pet'r's Mot. Contending that the Decision "contains sensitive information relating to her history of mental illness[,]" Petitioner requested that I refer to her and to her friends and family who provided witnesses declarations by their initials. *See id.* at 1–2. Petitioner also asked that I redact references to her mental illness. *Id.* Petitioner stated that "[b]ased upon § 300aa-12(d)(4)(B), Petitioner objects to the Decision being disclosed as is because it is a 'clear unwarranted invasion of privacy.'" *Id.* at 1.

Respondent filed a response to Petitioner's motion on April 21, 2021. Resp't's Resp., ECF No. 54. Respondent did not take a position but rather deferred to my judgment. *See id.* at 5. Respondent stated that my "analysis should focus on whether redaction of the requested information strikes an appropriate balance between [P]etitioner's privacy interest in the information and the public's interest in the [d]ecision." *Id.* at 1. Respondent discussed the standards underlying redaction decisions, citing *Langland v. Sec'y of Health & Hum. Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) and *W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440 (2011), *aff'd on non-relevant grounds*, 704 F.3d 1352 (Fed. Cir. 2013). *Id.* at 2–3.

Petitioner filed a reply on April 28, 2021. Pet'r's Reply, ECF No. 55. Petitioner argued that "disclosure of Petitioner's identity and mental illness is an obvious invasion of privacy that would be clearly unwarranted." *Id.* at 2. Petitioner asserted that "[a]n individual's mental health is generally considered to be more private than an individual's physical health." *Id.* at 1. Petitioner stated that she was requesting redaction because she does not want "the status of her mental health [to become] public information." *Id.*

This matter is now ripe for consideration.

## II.     Applicable Legal Standard

Pursuant to the Vaccine Act, once a special master issues a decision or ruling, any information contained therein will become public. 42 U.S.C. § 300aa-12(d)(4). The parties, however, can request redaction of "medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." § 300aa-12(d)(4)(B)(ii); *accord* Vaccine Rule 18(b). Although the Vaccine Rules mandate the redaction of minors' names, adult petitioners' names are not automatically redacted. *E.g.*, *M.W. v. Sec'y of Health & Hum. Servs.*, No. 18-0267V, 2021 WL 1594218, at *1. (Fed. Cl. Spec. Mstr. Mar. 31, 2021). An adult petitioner may have her name redacted if she establishes sufficient grounds for such. *Id.*

There are differing interpretations of how strict the standard for obtaining redaction should be. *Compare Langland*, 2011 WL 802695, at *6 (stating "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction."), *with W.C.*, 100 Fed. Cl at 461 (stating that a petitioner's "interest must be weighed against the government 's interest in public disclosure[]" and that "where '[t]here is no relevant public purpose to be weighed against [a] threatened invasion[,] . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'") (citation omitted) (emphasis in original).  Regardless of which standard applies, the Vaccine Act's use of the phrase "clearly unwarranted invasion of privacy" to define the type

2

of information suitable for redaction requires a petitioner "to make *some* showing to justify the relief of redaction[.]" *R.V. v. Sec'y of Health & Hum. Servs.*, No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) (citing *W.C.*, 100 Fed. Cl. at 460) (emphasis in original).

**III.    Analysis**

In this case, I find that Petitioner has shown that redaction of her name and her witnesses' names is appropriate. Petitioner has requested that the names be redacted because she does not want "the status of her mental health [to become] public information." Pet'r's Reply at 1. Prior decisions indicate that redaction of a petitioner's name, and names of a petitioner's family members, is appropriate when inclusion of names would result in publication of personal or familial mental health history. *See J.H. v. Sec'y of Health & Hum. Servs.*, 123 Fed. Cl. 206, 206 n.1 (2015) (determining that a "petitioner's full name and the identities of certain family members–those included in the discussion of [the] petitioner's family history of mental illness–should not be disclosed . . . ."); *K.G. v. Sec'y of Health & Hum. Servs.*, No. 18-120V, 2018 WL 5784361, at 1–2 (Fed. Cl. Spec. Mstr. Sept. 13, 2018) (granting request for redaction of a petitioner's name from a decision and case caption when she did not wish to "publically [sic] advertise her and her family's mental health struggles.") Furthermore, the public's ability to understand the reasoning underlying my Decision will not be impacted by redacting the names at issue. *See W.C.*, 100 Fed. Cl. at 461 ("[The petitioner's] identity has no effect on the public's awareness of vaccines and their potential risks."). Therefore, I grant Petitioner's request to refer to her and her witnesses by their initials in my public Decision.

I do not, however, find that Petitioner has made a showing adequate to support redaction of information relating to her mental health diagnoses and status. Petitioner has not explained why redaction of her name and her witnesses' names would be insufficient to avoid publicizing Petitioner's mental health status. Because I have determined that referring to those individuals by their initials is appropriate, neither Petitioner nor her family and friends will be publicly associated with the mental health information included in the Decision. Thus, Petitioner's interest in redacting her mental health information is, at most, minimal. However, the public has a significant interest in obtaining the information relevant to Petitioner's claim. *See W.C.*, 100 Fed. Cl. at 461 ("[B]ecause of the notable public interest in [the petitioner's] vaccination, subsequent medical history, and claim of an adverse reaction, the court cannot say that disclosure of his medical information necessarily constitutes an *unwarranted* invasion of privacy.") (emphasis in original). Because the credibility of Petitioner's statements is a factor in my Decision, information regarding her mental state is relevant. Thus, removing information pertaining to Petitioner's mental state may make it more difficult for members of the public to understand the reasoning underlying aspects of my Decision. Because redacting Petitioner's and witnesses' names should sufficiently address Petitioner's concern, Petitioner has not shown that inclusion of her mental health information constitutes an interest conflicting with the public's. Therefore, I deny Petitioner's request to redact mentions of her mental health diagnoses and status.

**IV.    Conclusion**

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name and witnesses' names in the Decision issued on March 31, 2021. I

therefore **<u>GRANT IN PART</u>** Petitioner's motion. Thus, the public version of the Decision shall be redacted to include only Petitioner's initials and the witnesses' initials. Moreover, the Clerk of Court is directed to change the caption of this case to the caption above.

    **IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>  
Herbrina D. Sanders  
Special Master
